UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOHN BLOUNT,

    Plaintiff,

v.

BURROUGHS, INC.,

    Defendant.

_____/

## COMPLAINT AND REQUEST FOR JURY TRIAL

Plaintiff, JOHN BLOUNT (Plaintiff" or "Mr. Blount"), by and through his counsel, files this Complaint against his former employer BURROUGHS, INC. ("Defendant" or "Burroughs") for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA") and the Florida Civil Rights Act, Fla. Stat. § 760.10 *et seq.* ("FCRA") and for interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA").  Plaintiff requests a jury trial on all issues so triable.

## PARTIES, JURISDICTION, AND VENUE

1.    This is an action for declaratory, injunctive and equitable relief, back pay and front pay as well as compensatory and punitive damages, to redress Defendant's unlawful employment practices, including its unlawful discrimination and termination of Plaintiff's employment in violation of the ADA, the FCRA, and the FMLA.

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

1343, this action involves federal questions regarding the deprivation of Mr. Blount's rights under the ADA and FMLA. The Court has supplemental jurisdiction over Mr. Blount's related claims arising under state law pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this case because the alleged wrongdoing in this case occurred in Palm Beach County, Florida and Defendant and Plaintiff are resident in Palm Beach County.

4. Defendant employed Plaintiff in Palm Beach County; and Defendant failed to comply with its statutory obligations in Palm Beach County.

5. Plaintiff dual-filed a Charge of Discrimination with the EEOC on or about August 6, 2018. The EEOC investigated the matter and issued a Dismissal and Notice of Rights on or about September 27, 2019. Plaintiff has retained legal representation and is obligated to pay fees for the services rendered under the representation agreement.

## FACTUAL ALLEGATIONS

6. Burroughs installs, maintains and services third-party ATMs, teller cash automated equipment, and smart safes throughout the United States and Puerto Rico.

7. Plaintiff has a chronic and debilitating back condition with attendant nerve issues. Plaintiff has had surgical procedures on his back, has had substantial medical care and treatment on his back, and has had myriad treatments and medical interventions to address chronic issues with his back and nerves. Plaintiff's chronic back and nerve issues substantially interferes with several of his major life activities, *inter alia* working, caring for himself, and caring for others.

8. Plaintiff was hired by a predecessor to Defendant, Pendum, in or about September 2010. In 2015, Pendum was acquired by Burroughs. Plaintiff worked seamlessly with Pendum and Burroughs as a service engineer until his termination on July 25, 2019.

9. Plaintiff was provided with an employee handbook by Burroughs. While the handbook made a cursory reference to the FMLA (p. 9), it did not describe any of the benefits associated with FMLA and did not explain how the 12-week of guaranteed leave was calculated *e.g.*, calendar year, employee anniversary date, rolling period.

10. Plaintiff was a satisfactory employee and had no significant employment issues until he began to require leave to deal with his medical issues.

11. Plaintiff required a medical leave of absence on or about June 19, 2018. He informed Beth Smiley, Human Resources, Benefits Administrator, about his medical issues, his need to have another surgical procedure on his back, and to request a leave of absence. He told Ms. Smiley that if he didn't have the surgical procedure, he might wind up paralyzed.

12. Burroughs granted Plaintiff a medical leave on June 19, 2018.

13. On or about July 25, 2018, Mr. Blount contacted Ms. Smiley and informed her he would require additional leave, but that he would be able to return to work on September 25, 2018. He provided her with medical documentation consistent with that request.

14. Burroughs, rather than accommodate Plaintiff or ascertain whether they could accommodate Plaintiff, terminated Plaintiff's employment on July 25, 2019 *because of* his medical condition and because of his request for protected FMLA/FCRA/ADA leave.

15. Defendant's own words establish that it made *no* effort to accommodate Plaintiff under the ADA or FCRA. Indeed, Defendant almost immediately terminated Plaintiff after he called Defendant informing his employer that he needed an additional two months of medical leave until September 25, 2018. Defendant wrote:

> This letter is to inform you that effective July 25, 2018 [the very date he requested an accommodation], your employment with Burroughs, Inc. will be terminated. You have been absent from work since June 18, 2018 and you did not have a balance available

>for a Family Medical Leave. You have exhausted the company's unpaid leave of absence policy. You are ineligible for any additional leave of absence as required by state and federal laws or under any company policy at this time. We regrettably must terminate your employment and accept your resignation.

16. Defendant's letter made clear, at the time, that he *was not* being terminated for any performance reasons and that *he was* being terminated because of his medical issues, request for FMLA leave, and request for medical leave.

17. Defendant's letter made clear that they believed Plaintiff was not entitled to FMLA or "any additional leave of absence as required by state and federal laws."

18. Defendant's conduct was a *per se* violation of the ADA and FCRA.

19. After Defendant terminated Plaintiff because it believed it had no obligation to explore or accommodate him, he was expressly told he was eligible for re-hire.

20. Defendant has not even offered a pretextual reason for Plaintiff's termination. Defendant has expressly stated that Plaintiff was terminated because of his medical condition and his request for a medical leave of absence under the FMLA/FCRA/ADA.

21. Defendant's unconscionable decision to terminate Plaintiff, after he requested a brief and reasonable accommodation, while he was suffering from a debilitating condition, without *any* effort to further accommodate his condition, had an adverse impact on Plaintiff's financial condition, his mental health, his physical condition, and his feeling of self-worth

**COUNT I**
**(DISCRIMINATION IN VIOLATION OF THE ADA)**

22. Plaintiff adopts and realleges Paragraphs 1-21 above as if fully set forth herein.

23. Plaintiff was an employee and Defendant was his employer within the meaning of the ADA.

24. Plaintiff has a chronic back and nerve condition which substantially limits a

number of Plaintiff's major life activities.

25. Defendant knew or regarded or perceived Plaintiff as having a chronic medical Condition that substantially interfered with his major life activities.

26. Plaintiff was qualified for his position.

27. Plaintiff suffered an adverse employment action – his employment was terminated – *because of* his disability or because he was perceived or regarded as disabled and because Defendant refused to engage in the interactive process under the ADA to explore an accommodation for Plaintiff.

28. Plaintiff has suffered damages as a result of the unlawful and discriminatory termination of his employment.

WHEREFORE, Mr. Blount demands a jury trial and judgment against Defendant for wages, salary, employment benefits, other compensation denied and lost, interest, compensatory damages, punitive damages, equitable relief, including reinstatement or front-pay, attorneys' fees, and such other relief as provided under the ADA.

## COUNT II
## (HANDICAP DISCRIMINATION IN VIOLATION OF THE FCRA)

29. Plaintiff adopts and realleges Paragraphs 1-21 above as if fully set forth herein.

30. Plaintiff was an employee and Defendant was his employer within the meaning of the FCRA.

31. Plaintiff has a chronic back and nerve condition which substantially limits a number of Plaintiff's major life activities.

32. Defendants knew or regarded or perceived Plaintiff as having a chronic medical Condition that substantially interfered with his major life activities.

33. Plaintiff was qualified for his position.

34. Plaintiff suffered an adverse employment action – his employment was terminated – *because of* his disability or because he was perceived or regarded as disabled and because Defendant refused to engage in the interactive process under the FCRA to explore an accommodation for Plaintiff.

35. Plaintiff has suffered damages as a result of the unlawful and discriminatory termination of his employment.

WHEREFORE, Mr. Blount demands a jury trial and judgment against Defendant for wages, salary, employment benefits, other compensation denied and lost, interest, compensatory damages, punitive damages, equitable relief, including reinstatement or front-pay, attorneys' fees, and such other relief as provided under the FCRA.

## COUNT III
## VIOLATIONS OF THE FAMILY & MEDICAL LEAVE ACT (INTERFERENCE)

36. Plaintiff, re-adopts and re-alleges the allegations set forth in paragraphs 1-21, as if fully set forth herein and further alleges.

37. Defendant is a national employer with hundreds, if not thousands, of employees and is obligated to comply with the FMLA; which requires that it provide eligible employees with twelve weeks of leave in a twelve-month period.

38. Plaintiff was eligible for FMLA leave as he was employed by Burroughs for more than 12 months and worked more than 1,250 hours in the preceding year.

38. Burroughs provided Plaintiff with approximately five weeks of leave in 2018 before it claimed Plaintiff had exhausted his twelve weeks of leave entitlement.

39. Defendant violated the FMLA by terminating Mr. Blount without providing him his full entitlement to leave under the FMLA.

WHEREFORE, Mr. Blount demands a jury trial and judgment against Defendant for wages, salary, employment benefits, other compensation denied and lost, interest, liquidated damages, equitable relief, including reinstatement, attorneys' fees, and such other relief as provided under the FMLA.

## COUNT IV
## VIOLATIONS OF THE FAMILY & MEDICAL LEAVE ACT (RETALIATION)

40. Plaintiff, re-adopts and re-alleges the allegations set forth in paragraphs 1-21, as if fully set forth herein and further alleges.

41. Defendant is a national employer with hundreds, if not thousands, of employees and is obligated to comply with the FMLA; which requires that it provide eligible employees with twelve weeks of leave in a twelve-month period.

42. Plaintiff was an eligible employee.

43. The FMLA makes it unlawful for an employer to discharge or discriminate against an employee because he seeks or utilizes FMLA-protected leave.

44. Defendant violated the FMLA by terminating Mr. Blount because he engaged in the protected activity of requesting and utilizing FMLA leave.

WHEREFORE, Mr. Blount demands a jury trial and judgment against Defendant for wages, salary, employment benefits, other compensation denied and lost, interest, liquidated damages, equitable relief, including reinstatement, attorneys' fees, and such other relief as provided under the FMLA.

## REQUEST FOR JURY TRIAL/RELIEF

Plaintiff requests a jury trial on all issues so triable.

WHEREFORE Plaintiff prays for a judgment against Defendant as follows:

a. For back pay, front pay, and compensatory damages under the ADA and the FCRA;

b. For punitive damages under the ADA and FCRA;

c. For non-economic damages (including pain and suffering) under the ADA and FCRA;

d. For back pay, front pay, and liquidated damages under the FMLA;

e. For pre-judgment interest;

f. For post-judgment interest;

g. For costs of suit, attorneys' fees and such other and further relief as this Court deems just and proper under the ADA, the FCRA, and the FMLA.

DATED: December 6th , 2019

                Respectfully submitted,

                **GONZALEZ, SHENKMAN & BUCKSTEIN PL**
                Attorneys for Plaintiff
                110 Professional Way
                Wellington, FL 33414
                Telephone:  561.795.9858
                Facsimile: 561.795.9878
                bbuckstein@gsblawfirm.com

                *.s/ Brian D. Buckstein*
                Brian D. Buckstein, Esq.
                Fla. Bar No. 0618934